UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

18  2999

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 410 N. 61st Street Philadelphia PA 19151

Address of Defendant: 100 Sesame Rd Langhorne PA 19047

Place of Accident, Incident or Transaction: Sesame Place

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/18/2018          *(signature)*          83362
                    Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify)* _____

B. **Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Gary Schafkopf, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☒ Relief other than monetary damages is sought.

JUL 18 2018

DATE: 07/18/2018          *(signature)*          83362
                    Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Aleah Johnson et al | : | CIVIL ACTION |
| v. | : | |
| Sesame Place et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 7-18-18 | Gary Schafkopf, Esq | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-5200 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

BRIAN R. MILDENBERG, ESQ.
MILDENBERG LAW FIRM
Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
brian@mildenberglaw.com
**Attorney for Plaintiff**

| | |
|---|---|
| MATTHEW B. WEISBERG, ESQ.<br>WEISBERG LAW<br>Attorney ID No. 85570<br>7 South Morton Ave. 19070<br>Morton, PA<br>610-690-0801<br>Fax: 610-690-0880<br>**Attorney for Plaintiff** | GARY SCHAFKOPF, ESQ.<br>SCHAFKOPF LAW, LLC<br>Attorney ID No. 83362<br>11 Bala Ave<br>Bala Cynwyd, PA 19004<br>610-664-5200 Ext 104<br>Fax: 888-238-1334<br>**Attorney for Plaintiff** |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALEAH JOHNSON,**<br><br>**and**<br><br>**A, a minor child, individually by and through her parent, ALEAH JOHNSON**<br><br>**and**<br><br>**B, a minor child, individually by and through her parent, ALEAH JOHNSON**<br><br>Plaintiffs.<br><br>v.<br><br>**SESAME PLACE,** | Civil Action No.:<br><br>**COMPLAINT**<br><br>To remedy discrimination at Sesame Place on basis of African American and Muslim / Islamic Race/Ethnicity/Ancestry/Religion and Black Skin Color pursuant to 42 USC Sec. 1981 et seq. and applicable laws, for:<br><br>-Civil Rights Conspiracy<br><br>-False Arrest/False Imprisonment<br><br>-Wrongful Detention of A Child<br><br>-Assault/Battery<br><br>-Negligence<br><br>-Intentional Infliction of Emotional Distress |

|  |  |
|---|---|
| and | : |
| SEA WORLD PARKS & ENTERTAINMENT, | : -Slander and Libel : : |
| and | : |
| SESAME WORKSHOP, | : **Jury Trial Demanded** : |
| and | : |
| ROBERT TALBERT Individually, and in his official capacity as Security Officer for Sesame Place, | : : : : |
| and | : |
| CAROLYN LEIGHTON Individually, and in her official capacity as Security Officer for Sesame Place, | : : : : |
| Defendants. | : : |

COMES NOW Plaintiffs, Aleah Johnson and her two minor children, by and through their undersigned attorneys, complaining of Defendants, Sesame Place and related entities, a children's theme park based upon the television series Sesame Street, and brings the instant action for racial discrimination and harassment of children, and related counts, requesting judgment in their favor, and against Defendants, and in support thereof, allege, upon information and belief, as follows:

## NATURE OF ACTION

1. Plaintiffs, Aleah Johnson and her two minor children, bring this lawsuit against Defendant, Sesame Place, to remedy racial and religious discrimination on the part of Sesame Place. Sesame Place created a racially harassing, hostile and discriminatory environment for Plaintiffs in violation of federal law, falsely detained Plaintiff and her children, failed to

supervise her children while she was falsely detained and threatened, and banned Plaintiff for the remainder of her "lifetime" from Sesame Place.  Plaintiff and her oldest daughter (14 years old) are African American and were wearing Muslim religious garb at the park and waterpark areas or Sesame Place, outwardly appearing as Black Muslims.  Plaintiff's 6 year old daughter, also African American, was left unsupervised by Sesame Place while Sesame Place wrongfully detained, harassed and separated Plaintiff from her children, falsely accused Plaintiff of stealing, and falsely ejected Plaintiff from the park.  Sesame Place's conduct was totally inappropriate and resulted in traumatization of Plaintiff and her children.

## PARTIES

2. Plaintiff, Aleah Johnson, is an adult individual, residing at 410 N 61 St., Philadelphia, PA 19151.

3. Plaintiff Aleah Johnson, is the natural parent and natural guardian of Plaintiff, "A, a minor."  A is fourteen (14) years old.

4. Plaintiff Aleah Johnson, is the natural parent and natural guardian of Plaintiff, "B, a minor" B is six years old. Plaintiffs are African American and Muslim.

5. Plaintiff Aleah Johnson, in connection with her religion, wears Muslim religious garb, as does her daughter, A, a minor, including when swimming in public at places including Sesame Place.

6. Defendant, Sesame Place, located at 100 Sesame Road, Langhorne, PA 19047, is an amusement and water park based on the Sesame Street television program. It includes a variety of rides, shows, and water attractions suited to young children. It is one of 12 parks owned and operated by SeaWorld Entertainment.  SeaWorld holds a license from Sesame

Workshop (formerly known as Children's Television Workshop) to operate Sesame Place and use the Sesame Street characters and themes.

7. SeaWorld Parks & Entertainment, a publicly traded company, is family entertainment, amusement park, and attraction company headquartered in Orlando, Florida. Sesame Place is one of 11 parks operated by SeaWorld Entertainment. Others include SeaWorld Orlando, SeaWorld San Diego, SeaWorld San Antonio, Busch Gardens Tampa Bay, Busch Gardens Williamsburg, Discovery Cove, Aquatica Florida, Adventure Island (water park), and Water Country USA.

8. Security Officer Robert Talbert ("Talbert") is an adult individual who, at all times material herein, was employed as a security officer for Sesame Place. Talbert is sued both individually and in his official capacity.

9. Security Officer Carolyn Leighton ("Leighton") is an adult individual who, at all times material herein, was employed as a security officer for Sesame Place. Leighton is sued both individually and in her official capacity.

## JURISDICTION AND VENUE

10. The above paragraphs are incorporated herein by reference.

11. Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

12. Venue is proper in the Eastern District of Pennsylvania, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district at Sesame Place, in Langhorne, Pennsylvania.

## STATEMENT OF FACTS

13. The above paragraphs are incorporated herein by reference.

**14.** Sesame Place subjected Plaintiff and her minor children to intimidation, abuse and traumatization based upon their status as black Muslim patrons of the park. Sesame Place also subjected the Plaintiff minor children to what amounts to traumatization and abuse during Sesame Place's wrongful detention of their mother, Plaintiff Aleah Johnson.

**15.** On or about July 14, 2018, Plaintiff and her two young daughters, seeking a day of fun and looking forward to characters such as Elmo, Big Bird, Bert and Ernie, and Grover, visited Sesame Place.

**16.** At all times relevant hereto, Plaintiffs had purchased valid tickets to the said public amusement and were lawfully present upon grounds of same.

**17.** Entrance to the park is expensive. Plaintiff, a low income, disabled mother, paid approximately $200 to visit the park with her daughters. The children were very excited and looking forward to a fun day.

**18.** Plaintiff and her children are black and Muslim. Plaintiff and her older daughter wear traditional Muslim clothing, a Khimar (a head covering which typically covers the head neck and shoulders) and skirt.

**19.** Due to their religious beliefs, Plaintiffs wore their Khimars and skirts in the water park over their bathing suits, in order to communicate modesty and reserve.

**20.** Plaintiffs believe and therefore aver that they were that they were the only black patrons of the park wearing Khimars and were the only outwardly appearing black Muslims in the park the entire day. Plaintiffs did not see any other persons wearing Muslim garb or appearing to be black and Muslim. Plaintiffs believe and therefore aver that both African Americans and Muslims are in the minority of the park's customers.

**21.** After activities at the water park within Sesame Place, Plaintiff decided to purchase some souvenirs at one of the gift shops, Hooper's Place.

**22.** After choosing some items to purchase, Plaintiff realized that her wallet was located in her bag, which her daughter was holding, approximately 1 foot from the store.  Plaintiff then walked over to her daughter, obtained her wallet from the bag, and immediately returned to her place in line to complete her transaction and purchase her items.

**23.** Once in line, Plaintiff was confronted by a white security guard, Carolyn Leighton ("Leighton"), who insisted that Plaintiff, who was standing in line to pay for her items, was trying to steal.

**24.** Leighton demanded that Plaintiff follow her and advised Plaintiff that she was on film stealing merchandise.  Leighton then escorted Plaintiff out of the store, where they were met by another Caucasian security guard, Robert Talbert ("Talbert"), who, at all times relevant hereto, acted in a mean and vicious manner towards Plaintiff, and who informed Plaintiff that she was stealing and that he had video of her doing so.

**25.** At no time did Plaintiff steal any merchandise.  At no time was the allegation that she was stealing proved or even formally made.  No citation was issued to Plaintiff. No items were found or identified that Plaintiff allegedly stole.  Talbert told Plaintiff that she was under surveillance.  Upon information and belief, part of the surveillance had to do with Plaintiff and her family allegedly violating Sesame Place's "dress code" policy, which requires customers to wear "appropriate swimwear… for all water activities."  Plaintiff believes and therefore avers that the surveillance of her family by Sesame Place began due to the fact the Plaintiff and her family's appearance as Black Muslims drew attention to whether their religious garb constituted "appropriate swimwear."

26. Plaintiff was then involuntarily escorted by Leighton, *without her children*, across the park, to the security office. The distance from Hooper's Place to the security office was far, several city blocks. A map of the park is attached hereto as "Exhibit A". Once at the security office, she was kept in a room by herself and she had no idea where here children were. She was in a panic.

27. Unbeknownst to Plaintiff, and after some unknown period of time, Plaintiff's children were escorted to the security office by Talbert while Plaintiff was detained at the security office for no valid reason.

28. During Talbert's inappropriate and abusive time with Plaintiff's children, Talbert questioned Plaintiff's children without her permission. He asked Plaintiff's daughters if Plaintiff was stealing or taking anything from the store. Each girl responded "no." Each girl has been traumatized by the experience of being separated from their mother at an amusement park while a mean man detained them and asked them questions about their mother stealing. Talbert and Sesame Place had no right to treat the children in this manner or to separate them from their mother in such manner or to question the children outside of the presence of appropriate law enforcement or child agencies.

29. At no time did Talbert or Sesame Place check on the welfare Plaintiff's younger, 6 year old daughter, who was being pushed in a stroller by the 14-year daughter old during the interaction. Talbert took the children to the security office and also put them in a room by themselves. The children had no supervision and the 14-year old was left to care for her little sister. They were not offered any snacks or water or even asked if they had to go to the bathroom. The kids did not know where their mom was and they were terrified. The children had to use the bathroom and the 14 year old then left the security area with the 6 year old to use

the public park bathrooms some distance away.  No person from the park accompanied them or watched them while their mother was wrongfully detained.

**30.** Eventually, Talbert showed up in the room where Plaintiff was sequestered with an armed Police Officer. Upon information and belief, the police officer was brought in to further intimidate Plaintiff.  The Police Officer said nothing but looked at Plaintiff in a manner such that Plaintiff felt further threatened.

**31.** Plaintiff asked to see the alleged videos of her stealing. Talbert would not show them to her.  While all of this was going on, Plaintiff phoned her contacts and told what was happening. She explained that she felt she was being discriminated against and racially targeted because of their skin color and Muslim dress.

**32.** Talbert overheard this conversation and then became even more angry and threatening. At that point, Talbert threatened to have Plaintiff arrested. Plaintiff was very scared and stopped protesting.  However, once Plaintiff spoke up for her rights, Tabert continued to take actions to ensure to discriminate against and insult Plaintiff even further.

**33.** Plaintiff was not charged with any crime.  However, was eventually presented with a document stating that she was banned from Sesame Place for her entire "lifetime."  This document falsely accused Plaintiff of "retail theft."  The document accuses her of retail theft in the sum of $104.48.  A copy of that document is attached hereto as "Exhibit B."

**34.** Plaintiff was then taken to a kiosk to pay for the items that she was in line trying to pay for when she was detained. The items totaled $62.19, not $104.48. Plaintiff's receipt was then stamped with "Non-Refundable" three times.  This, too, was a discriminatory and retaliatory act, to ensure she could never return to the park, even if the items she paid for were defective.  Upon information and belief, there exists no such non-refundable policy at the store in the park.  Such

policy was applied to Plaintiff's transaction to discriminate against her in the transaction and to punish her for her protests.  A copy of that receipt is attached hereto as "Exhibit C". Plaintiff was then escorted out of the park *without* her children, and while her children were still <u>unsupervised in the park</u>.

35. After Plaintiff was escorted out of the park, her children were still inside.  After going to the restroom and the welcome center by themselves, they returned to the security office only to be told by Talbert that their mother had "left" them at the park and that they needed to go out of the door to the exit.  They followed the instructions and wound up outside of the park, where their mother had been removed.

36. This treatment of Plaintiff's children was egregious. They were separated from their mother, questioned without their mother's consent, left unattended and removed without supervision.  They were harassed, traumatized, and abused by the conduct of the staff at Sesame Place.

37. Upon information and belief, Plaintiff and her children were racially profiled based upon their African American ethnicity, skin color, their Muslim clothing and under a pretext that their clothing did not comply with Sesame Place's dress code, as well as due to their status as black Muslims.

38. Upon information and belief Plaintiff and her children were targeted by security due to their color and the clothing they wore to the water park, identifying them as black Muslim individuals.

39. The dress code policy for Sesame Place states in pertinent part, "Appropriate swimwear must be worn for all water activities." This policy on its face appears to ban religious attire, such as a Khimar or religious body covering, as not being appropriate swimwear.

40. Upon information and belief, Plaintiff's clothing in the water park attracted the attention of staff and security and caused them to approach her at the gift shop when she was leaving the water park.

41. When Plaintiff was taken outside of the park, she was specifically banned for life, in writing, and was told that if she ever came past that point she would be arrested for defiant trespass.  Defendants did not want Plaintiff back at the park.

42. Upon information and belief from publicly available sources there are several online complaints of racial discrimination, racial profiling and harassment at Sesame place by security guards and same is known or in the exercise of reasonable diligence should be known or should have been known to Defendants, who failed to take actions to stop said discrimination.

43. The actions of Sesame Place were acts of discrimination and retaliation, with no valid business purpose or justification.

## COUNT I
## 42U.S.C. Sec. 1981
## DISCRIMINATION IN THE MAKING
## AND ENFORCEMENT OF CONTRACTS
## BASED UPON RACE

44. The above paragraphs are incorporated herein by reference.

45. Sesame Place evidenced a settled intent to discriminate against Plaintiffs by interfering with Plaintiffs' rights to the performance and enjoyment of their contract for admission to Sesame Place.

46. Sesame Place intentionally restricted the Plaintiffs contractual benefits based upon illicit discrimination.

47. The aforesaid conduct of Sesame Place was intentional and undertaken in reckless disregard for the federally protected civil rights of Plaintiff.

**48.** As a result of the said violation of 42 U.S.C. § 1981, Plaintiffs have suffered discrimination, humiliation, denial of the use of their park tickets and fees, embarrassment, and other harms, and are entitled to entry of judgment in their favor, and against Defendants, together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by 42 U.S.C. § 1988.

## COUNT II.
## 42U.S.C. Sec. 1985
## CIVIL RIGHTS CONSPIRACY

**49.** The foregoing paragraphs are incorporated herein by reference.

**50.** The foregoing conduct of Defendants violates Plaintiffs' rights pursuant to 42 U.S.C. Sec. 1985, which proscribes any agreement or conspiracy to violate Plaintiffs' federally protected civil rights, including those rights under 42 U.S.C. Sec. 1981.

## COUNT III.  ---  FALSE ARREST

**51.** The foregoing paragraphs are incorporated herein by reference.

**52.** Defendants detained Plaintiff, restricted her bodily movement and freedom and Plaintiff was not free to leave.

**53.** The foregoing actions of Defendants constituted false arrest of Plaintiff and her minor children.

## COUNT IV.
## WRONGFUL IMPRISONMENT

**54.** The foregoing paragraphs are incorporated herein by reference.

**55.** Defendants wrongfully held Plaintiff in a closed environment thereby restricting her freedom.

**56.** The foregoing actions of Defendants constituted wrongful imprisonment.

## COUNT V.

**WRONGFUL DETENTION OF A CHILD**

57. The foregoing paragraphs are incorporated herein by reference.

58. Defendants wrongfully removed minor Plaintiffs from the custody of their mother, restricting their freedom and requiring them to walk to another location with Talbert, detaining their movements and restricting their freedom and rights to be with their mother at Sesame Place.

59. During said walk, Talbert further traumatized said minor children by asking them questions including whether their mother had stolen merchandise from Sesame Place.

60. The foregoing actions of Defendants constituted a prima facie tort of wrongful detention of a child.

**COUNT VI.**
**NEGLIGENT HIRING & RETENTION**

61. The foregoing paragraphs are incorporated herein by reference.

62. Sesame Place selected, hired, contracted with, and retained the individuals who racially profiled, wrongfully detained and harassed Plaintiffs.

63. Sesame Place failed to exercise reasonable care in selecting, hiring, contracting with and retaining its security personnel.

64. Sesame Place had a duty of care to the Plaintiff to exercise reasonable care in selecting, hiring, and retaining individuals to work as security.

65. Sesame Place breached that duty of care to the Plaintiff.

66. As a direct and proximate result of negligent actions, Defendants actions Plaintiffs were greatly inconvenienced, humiliated, and traumatized, some or all of which may result in permanent loss.

**COUNT VII.**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

67. The foregoing paragraphs are incorporated herein by reference.

68. The actions of the Defendants', were designed to emotionally harm Plaintiff and her children by causing them to be separated from each other, wrongfully detained and questioned.

69. The conduct Defendants was intentional, oppressive, malicious and/or in wanton disregard of the rights and feelings of Plaintiff and constitutes despicable conduct, and by reason thereof.

## CU VIII.
## SLANDER

70. The foregoing paragraphs are incorporated herein by reference.

71. Defendants made a false statement, stating that Plaintiff stole items when she did not.

72. The foregoing actions of Defendants constituted slander.

## COUNT IX.
## LIBEL

73. The foregoing paragraphs are incorporated herein by reference.

74. Defendants made a false written statement that Plaintiff stole items.

75. The foregoing actions of Defendants constituted Libel.

## COUNT X.
## ASSAULT AND/OR BATTERY

76. The foregoing paragraphs are incorporated herein by reference.

77. Defendants threatened to place Plaintiff under arrest when she had not committed any crime, and placed her in reasonable fear of being wrongfully battered.

78. This was done in a threatening manner, causing Plaintiff to be in fear of immediate harm.

79. The foregoing actions of Defendants constituted assault and/or battery.

**80.** Defendants touched and/or expressly or impliedly threatened to touch Plaintiff and her minor children if they did not follow Defendants to be detained during their stay in the public amusement.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendant individually, jointly and/or severally, together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, including equitable injunctive relief.

Respectfully Submitted

BY: */s/ Brian R Mildenberg*

BRIAN R. MILDENBERG, ESQ.
MILDENBERG LAW FIRM
Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
brian@mildenberglaw.com
**Attorney for Plaintiff**

MATTHEW B. WEISBERG, ESQ.
WEISBERG LAW
Attorney ID No. 85570
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

S/GARY SCHAFKOPF, ESQ.

GARY SCHAFKOPF, ESQ.
SCHAFKOPF LAW, LLC
Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
**Attorney for Plaintiff**



EXHIBIT A

EXHIBIT B

**Sesame Place Trespass Form**

Rev. 2018

| Internal Use Only: | | |
|---|---|---|
| Activity Number: 2018- | Incident #: | Date: 7/14/2018  Time: 15:06 |
| Reported By: Talbest | Processing Officer: Leighton | Assisting Officer: |
| First Name: Aleah | Last Name: Johnson | MI: K   Employee / ☒ Guest |
| DOB: 6/16/1977 | Park: SESAME PLACE  Location: Hooper's | Season Pass: Yes / No   Gender: Male / ⓕFemale |
| Hair: Black  Eyes: Brown | Race: AA | Height: 5'6"  Weight: |
| Address: 410 N 61st St. | City: Philadelphia | State: PA  Zip: 19151 |
| Driver's License #: 27603560 | Type of Offense: Retail Theft | Phone #: 215-626-5226 |
| Amount: 104.48 | ID Check / Responding MTPD Officer: N/A   Yes / ☒ No | Arresting MTPD Officer:   Yes / No |
| If Juvenile, First and Last Name of Contacted Parent / Guardian: N/A | | Time / Date Reached: N/A |

If Contacted Parent / Guardian Address is Different Than Address Provided:

| Address: N/A | City: N/A | State: N/A | Zip: N/A |
|---|---|---|---|

YOUR ACTION / BEHAVIOR HAS RESULTED IN SESAME PLACE MANAGEMENT DEMANDING YOUR IMMEDIATE DEPARTURE FROM SESAME PLACE PROPERTY. YOU WILL BE CONSIDERED A DEFIANT TRESPASSER (PENNSYLVANIA CRIMES CODE 3503(b)) IF YOU FAIL TO DEPART AT ONCE. YOUR FUTURE ENTRY INTO OR UPON SESAME PLACE PROPERTY OR ANY OTHER SEAWORLD PARKS & ENTERTAINMENT PROPERTIES WITHOUT A WRITTEN AUTHORIZATION, DURING THE PERIOD OF RESTRICTION SHALL BE CONSIDERED PRIMA FACIE EVIDENCE OF DEFIANT TRESPASS.

PERIOD OF RESTRICTION: 7/14/2018 THRU ~~7/14/2018~~ Lifetime

VIOLATOR PRINT NAME: ✗ Refuse to Sign.   DATE: 7/14/18

VIOLATOR SIGNATURE: ✗ Refuse to Sign.   DATE: 7/14/18

PARENT / GUARDIAN SIGNATURE:    DATE: / /

PROCESSING OFFICER SIGNATURE: Carolyn   DATE: 7/14/18

EXHIBIT C

# Sesame Place

FINDERS KEEPERS SHOP
100 SESAME ROAD
LANGHORNE PA 19047
866-464-3566

Ticket: 83192　　　　Date: 7/14/18
Store: 41005　　　　Register: 515
　　　　　　　　　　Time: 3:31 PM

Salesperson:
　10520437 (LINDA)

| Item | Qty | Price | Amount |
|---|---|---|---|
| D18 CRMC MUG 16 OZ | | | |
| 416390 | 1 | 12.95 | 12.95 |
| SES D18 JUMBO PEN | | | |
| 422817 | 1 | 3.99 | 3.99 |
| SES D18 JUMBO PEN | | | |
| 422817 | 1 | 3.99 | 3.99 |
| SES D18 JUMBO PEN | | | |
| 422817 | 1 | 3.99 | 3.99 |
| SPL LOGO KEYCHAIN | | | |
| 366242 | 1 | 6.95 | 6.95 |
| SPL LOGO KEYCHAIN | | | |
| 366242 | 1 | 6.95 | 6.95 |
| SPL LOGO KEYCHAIN | | | |
| 366242 | 1 | 6.95 | 6.95 |
| SS I HEART ABBY KC | | | |
| 276150 | 1 | 6.95 | 6.95 |
| SS I HEART ELMO KC | | | |
| 276149 | 1 | 5.95 | 5.95 |

　　　　　　　　Subtotal USD $58.67
　　　　　　　　Sales Tax　　3.52

　　　　　　　　Total USD $62.19

**Non-Refundable**

Visa
XXXXXXXXXXXX7763
Auth #: 098997
Transaction Type: Sale
Auth Time: 3:31 PM
Trace Number: 000000000001452125

Digital Signature

Entry Method: Chip Read
Authorization Mode: Issuer